Filed 8/7/23  M.C. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| M.C.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F086195<br><br>(Super. Ct. Nos. JJV072550D, JJV072550E)<br><br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Sylvia J. Hanna, Judge.

Maria C., in pro per., for Petitioner.

No appearance for Respondent.

Jennifer M. Flores, County Counsel, and Carol E. Helding, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]       Before Hill, P. J., Franson, J. and Peña, J.

1

Petitioner Maria C. (mother), in propria persona, seeks an extraordinary writ from the juvenile court's order issued at a postpermanency review hearing (Welf. & Inst. Code, § 366.3)[1] setting a section 366.26 hearing as to her children, now eight-year-old A.C. and seven-year-old S.C. (collectively "the children"). We deny the petition.

### FACTUAL AND PROCEDURAL SUMMARY

In September 2019, real party in interest, the Tulare County Health and Human Services Agency (agency), filed an original petition alleging the children and four of their siblings were at risk due to their parents' substance abuse. At the jurisdiction and disposition hearing held in November 2019, the juvenile court exercised dependency jurisdiction over the children and ordered mother to complete a family maintenance plan.

Mother tested positive for amphetamines during her family maintenance plan, and the children and their siblings were detained in May 2020. The agency filed a supplemental petition pursuant to section 387, which alleged mother's family maintenance services were not effective in protecting the children and their siblings. A family reunification case plan was ordered at a contested jurisdiction and disposition hearing on the supplemental petition in August 2020.

During the family reunification period, mother gave birth to another child, who was exposed to drugs. The agency filed a section 388 petition to terminate mother's family reunification services after she tested positive for amphetamines in December 2020 and January 2021. At a combined six-month review and section 388 hearing, the juvenile court terminated mother's family reunification services and set a section 366.26 hearing for June 10, 2021.

The report for the section 366.26 hearing recommended that the children be ordered a permanent plan of placement in foster care with a goal of adoption with a

---

[1] Statutory references are to the Welfare and Institutions Code.

maternal aunt, who was pending approval of her out-of-state home. Mother was participating in a live-in drug treatment program and drug testing at the time of the hearing. The court ordered the children to remain in their current placement with a permanent plan of adoption. In January 2022, April 2022, and October 2022, the court continued the children's permanent plan as the maternal aunt was still pending approval pursuant to the Interstate Compact on the Placement of Children (ICPC).

In November 2022, the agency received a 14-day notice that the children needed to be removed from their current placement due to their resource parent's health issues. A child and family team meeting was held during which it was decided that the children would be placed with a relative pending ICPC approval of the children's maternal aunt in North Carolina. In January 2023, after ICPC approval, the children were placed with their maternal aunt in North Carolina. However, after only three months, the maternal aunt requested the children be removed based upon their behaviors, which included "talking back, engaging in verbal altercations purposely, and crossing personal boundaries .…" The children were to be placed with another maternal aunt, who wished to provide the children with permanency through adoption. Based upon the availability of an adoptive parent, the agency recommended that a section 366.26 hearing be set.

At the postpermanency review hearing held on April 20, 2023, mother was present and represented by her retained counsel. The children's father, J.G., was not present, and his counsel entered a general objection to the setting of a section 366.26 hearing. Mother's counsel made no objection or other requests when the juvenile court asked counsel for comments on the agency's recommendation.

## DISCUSSION

Petitioner claims the juvenile court's order was erroneous because she stopped using drugs, completed parenting classes, and participated in mental health counseling. Her petition also includes a request to have reunification services be continued. She asserts that she can provide certificates regarding her completion of various programs.

3.

Because her petition does not technically comport with the content requirements of California Rules of Court, rule 8.452,[2] real party in interest urges this court to dismiss the petition as facially inadequate. We decline to do so in this case. Rather, we will liberally construe the petition as challenging the juvenile court's order setting the section 366.26 hearing. (Rule 8.452(a)(1).)

Real party in interest also argues that petitioner has forfeited any argument regarding the setting of the section 366.26 hearing because she failed to offer any objection below. "A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.] Forfeiture … applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221–222.) The agency points out that mother was present in court when the section 366.26 hearing was set. She did not request reunification services, object to the agency's recommendation, or offer any evidence in opposition to the agency's request for a section 366.26 hearing. As a consequence, mother forfeited her right to object on appeal to the court's setting of the section 366.26 hearing.

Even if we were to excuse mother's failure to object, her claim fails on the merits. Adoption is the preferred permanent plan. (*In re Autumn H.* (1994) 27 Cal.App.4th 567, 573.) Consequently, if the juvenile court determines that a child is adoptable, it must set a section 366.26 hearing unless it finds by clear and convincing evidence that conducting a section 366.26 hearing "is not in the child's best interest because the child is being returned to the home of the parent, the child is not a proper subject for adoption, or no one is willing to accept legal guardianship as of the hearing date." (§ 366.3, subd. (h)(1).) Whether adoption is the best permanent plan is a decision made by the court at the section 366.26 hearing. (§ 366.26, subd. (c)(1).)

---

[2] All further rule references are to the California Rules of Court.

In the present case, once the children's prospective care provider indicated a willingness to adopt the children, the juvenile court had no choice but to set a section 366.26 hearing. Therefore, the court did not err in setting the hearing. Further, since the court did not order the children to be placed for adoption, but merely set a hearing to decide the matter, the case is premature for our review. Nevertheless, petitioner may still challenge the recommendation to permanently place the children for adoption by appearing at the section 366.26 hearing and arguing her case before the court. Finally, to the extent petitioner seeks to reopen reunification services, she may file a section 388 petition before the juvenile court. However, since we find no error on this record, we will deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied. The request for a stay of the section 366.26 hearing is also denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).